UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH D. GILBERTI,

                  Plaintiff,

            -against-

GEORGE W. BUSH; DONNA MARIE PADAR;
SARASOTA COUNTY COMMISSION; TAMPA
CENTRAL COMMAND MACDILL AIR FORCE
BASE; DICK CHENEY; CENTRAL
INTELLIGENCE AGENCY; UNITED NATIONS;
NEW YORK CITY PORT AUTHORITY; NEW
YORK CITY DEPARTMENT OF
ENVIRONMENTAL OF PROTECTION; NEW
YORK CITY POLICE DEPARTMENT; MAYOR
ERIC ADAMS; FEDERAL BUREAU OF
INVESTIGATION; GREENBERG TRAURIG
LAW; LAWRENCE D. FINK BLACK ROCK
INVESTMENT GROUP, LLC; HARVARD
UNIVERSITY; YALE UNIVERSITY; RON
DESANTIS; JOE BIDEN; ARCHDIOCESE OF
NEW YORK; ARCHDIOCESE OF MIAMI; BOCA
RATON ADL; DONALD TRUMP; OBAMA
BARRACK; JEB BUSH; NIKKY HALEY; ELON
MUSK; BILL GATES; THE PENTAGON,

                  Defendants.

24-CV-7851 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

       Plaintiff Joseph D. Gilberti, who currently is detained in the Sarasota County Jail, in

Sarasota, Florida, brings this action *pro se* under the Court's federal question jurisdiction.

Plaintiff asserts claims of "Terrorism against America pursuant to HR 5736 Mod of 2012, per

Article 1 Section 8, Fraud, Theft, Regional Water Supply Eugenics, Racketeering, Negligence,

Quieting Title, Trespass and ejectment pursuant to Florida Statutes."[1] (ECF 1 at 1, 3.) By order

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original, unless noted otherwise.

dated October 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] The Court dismisses the action for the reasons set forth below.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a complaint filed by a prisoner, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court is obliged, however, to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff filed this complaint against the following Defendants: George W. Bush, Donna Marie Padar, the Sarasota County Commission, the Tampa Central Command Macdill Air Force Base, Dick Cheney, the Central Intelligence Agency, the United Nations, the New York City Port Authority, the New York City "Department of Environmental of Protection," the New York

---

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

City Police Department, Mayor Eric Adams, the Federal Bureau of Investigation, "Greenberg Traurig Law, Lawrence D. Fink Black Rock Investment Group, LLC, Harvard University, Yale University, Florida Governor Ron DeSantis, Joseph Biden, the Archdiocese of New York and Miami, the "Boca Raton ADL," Donald Trump, Obama Barrack, Jeb Bush, Nikky Haley, Elon Musk, Bill Gates, and the Pentagon.

The complaint sets forth the following facts. Plaintiff is a "natural person and professional engineer doing business on approximately 2500 acres of property and mineral rights" that he has owned since 2012 in Sarasota County, Florida. (ECF 1 at 2.) According to Plaintiff, Defendants have exerted

> UNDUE INFLUENCE in West and South Florida on Plaintiff's civil rights, attacks on his Children from Schools, Cops, Secret Service, FBI, US Marshals and Sheriffs to hide the resource and deter Plaintiff from prevailing and engineering and constructing infrastructure with Primary Water to the Taps of Florida, New York, New Jersey and more, for over l0 yrs using DOJ to attack THE PEOPLE and their Drinking Water Supply needs, by avoiding all discovery and requested Evidentiary hearing with Professionals in Water Supply with a gang of Judges, Lawyers, attorney Politicians, Universities and Cops on the payoff books to attack all Americans.

(*Id.* at 3.)

Plaintiff further asserts

> THE ENGINEER was kidnapped timed with the FDEP SRF Marjorie Stoneman Douglas funding application just 17 days prior to the Marjory Stoneman Douglas Shooting in Broward where 17 were shot and 17 wounded in game tied to Smith-Mundt act where Hollywood in Los Angeles sells stories to Government to sells Manufactured news for their Propaganda agenda to attack other nations and now America since its Congressional approval under Obama in 2012 via the H.R. 5736 The Smith-Mundt Modernization Act of 2012, initiated days after our World Resource find by Tampa Central command and this Florida Enterprise of Terrorist civil servants and Developers tied to huge Corporations like Walt Disney owners, Seminole Tribe Casinos, Federal Reserve Bank and corrupt Judges in land grabs and cohersion on tax base grants for their Enterprise which includes a front called 72 Partners LLC and BFSL Holdings LLC.

(*Id.*)

3

Plaintiff seeks to have Defendants arrested and investigated, and money damages, declaratory and injunctive relief. (*Id.* at 20-22.)

**DISCUSSION**

Even when the Court construes Plaintiff's pleadings with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court finds that the allegations do not plausibly allege a violation of Plaintiff's rights. The Court must not dismiss a complaint simply because the facts alleged appear to be "unlikely," *Denton*, 504 U.S. at 33, but a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Id.* at 32-33; *see Livingston*, 141 F.3d at 437. "Plaintiff's beliefs − however strongly he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

The Court finds that, because Plaintiff does not provide any plausible factual support for his claims of a widespread conspiracy to kidnap him and attack "THE PEOPLE and their Drinking Water Supply needs," (ECF 1 at 3), his claims rise to the level of the irrational and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Petitioner's complaint cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend his complaint.

## CONCLUSION

The action, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The motion for an extension of time to serve the complaint is denied as unnecessary, and the Court is directed to terminate it. (ECF 9.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    May 28, 2025
          New York, New York

_____
Louis L. Stanton
U.S.D.J.

5